CHRISTIAN F. WIEHE, ASSIGNEE OF ROBERT W. THOMPSON,

*v.*

STATE OF ILLINOIS.

*Opinion filed November 26, 1918.*

SERVICES RENDERED—*what must be shown in claim for services.* Before a claimant is entitled to an award for services rendered he must prove the nature of the services performed, and that the amount claimed therefor are reasonable and proper.

ESTOPPEL—*the Court has right to go behind an approval of claim by a State officer.* This Court is not estopped from going behind an approval of a claim by a State officer and inquiring into its reasonableness, its validity, or whether the services performed were necessary and proper to be paid by the State.

Edward J. Brundage, Attorney General for State.

On the 18th day of December, 1915, Hon. E. F. Dunne, Governor of Illinois, telegraphed one Robert W. Thompson, at La Salle, Illinois, informing him that the Waterways Commission wanted him in Washington, December 22nd, and stating that the Commission would pay his expenses and reasonable charges.

It appears that in response to said telegram Robert W. Thompson went to Washington, D. C. He afterwards rendered a bill for his expenses and charges to the Illinois Waterways Commission, the expenses consisting of railroad fare, hotel bills, fees to porters, waiters, etc., amounting to eighty-two dollars and thirty-five cents ($82.35) and he claims fifty dollars ($50.00) per day for his services for four days, making the total amount of his bill two hundred and eighty-two dollars and thirty-five cents ($282.35).

On March 6th, 1916, one Joseph O. Kostner, Secretary of the Illinois Waterways Commission wrote Mr. Thompson that his bill for two hundred and eighty-two dollars and thirty-five cents ($28.35) had been approved by said Commission and forwarded to the State Auditor for payment. Subsequently there was an injunction issuing out of some court which apparently prevented the payment of this bill. In what Court this injunction was pending or what the final determination of it was does not appear from the evidence before us.

On March 6th, 1916, Robert W. Thompson executed an assignment of his claim against the State of Illinois, above referred to, to the claimant, Christian F. Wiehe. Mr. Wiehe immediately notified the Waterways Commission and the Auditor of Public Accounts that he had purchased the claim of Mr. Thompson against the State, and Mr. Wiehe claims that afterwards he filed the original assignment of said claim with the Auditor of Public Accounts of the State of Illinois, but it appears from the evidence that the same has been lost or mislaid, if it

was ever filed in the office of the State Auditor. There is no evidence in the record showing or tending to show what Mr. Thompson did on his trip to Washington, D. C. or what the nature of his alleged services were, or, that his bill for services are reasonable and proper for the work done. Under the condition of the proof this Court is unable to say that the State of Illinois owes him anything. It would certainly be improper for this Court to allow his claim without information as to the nature of the services he claims to have rendered. For all that appears in the record he may have gone down there as a lobbyist or rendered other services which would be an improper charge against the State.

Counsel for claimant argues that because his claim was approved by the Illinois Waterways Commission, that this Court cannot go behind such approval and inquire whether the services were proper for the State to pay for or not; that in effect, this Court is estopped to question the validity of his claim or the reasonableness of the amount of his charges, or whether the services he claims to have rendered were necessary and proper to be rendered and paid for by the State. We disagree with counsel for claimant, and inasmuch as he has not shown to this Court what services Mr. Thompson rendered, or that said services were necessary and a proper charge against the State of Illinois, we cannot see that we would be justified in allowing this claim. Claim is disallowed.